# IN THE COURT OF APPEALS OF IOWA

No. 18-0349
Filed June 6, 2018

IN THE INTEREST OF A.L.,
Minor Child,

A.H., Mother,
          Appellant.

_____

          Appeal from the Iowa District Court for Polk County, Susan C. Cox, District Associate Judge.

          A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

          Jessica J. Chandler of Chandler Law Office, Windsor Heights, for appellant mother.

          Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

          Karl Wolle of Juvenile Public Defender Office, Des Moines, guardian ad litem for minor child.

          Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the termination of her parental rights to her daughter, asserting the State failed to prove the grounds for termination and termination was not in the best interests of the child. Because the mother was incarcerated and she did not attend to her substance abuse and other issues, the child could not be returned to her care at the time of the termination hearing. Also, because termination is in the child's best interests and there are no impediments to termination, we affirm.

## I. Background Facts and Proceedings

The child, born in March 2015, initially came to the attention of the Iowa Department of Human Services (DHS) in October 2015 after the department received allegations the mother was abusing substances and unable to safely parent A.L. As the investigation was pending, the mother was arrested in Minnesota on a probation violation warrant and held there for several days. Over the next several months, the DHS monitored the family due to concerns of domestic abuse and drug and alcohol abuse by the mother and father.

In December 2016, the mother drove A.L. to the emergency room while apparently under the influence of prescription drugs. A.L. was subsequently removed from the home and placed with her maternal grandparents. In February 2017, the mother was arrested and charged with theft in the third degree. The mother and the father had a volatile relationship that consisted of drug and alcohol abuse, resulting in domestic violence and a no-contact order. Despite the no-contact order, and a subsequent no-contact order requested by the father,

the mother and father continued to communicate, and the father provided the mother with transportation. A.L. was adjudicated in need of assistance on February 16, 2017, based on the parents' substance-abuse issues and domestic-violence concerns.[1]

In March 2017, the mother was arrested for operating while intoxicated (OWI)—second offense, and she tested positive for methamphetamine and amphetamines. The child was moved to her paternal grandmother's care in April because the maternal grandmother was unable to set appropriate limits with the mother. In May, the mother entered inpatient treatment, but she was discharged shortly thereafter for possessing prescription medication in her room and giving medication to another patient. She entered another inpatient treatment program in June. In September, the police found the mother unresponsive in the driver's seat of her vehicle. Prescription medication was found in the vehicle, and she was arrested and charged with OWI—third offense and failure to report contraband at a correctional institute. In October, the mother was hospitalized after overdosing on prescription medication. In November, the mother pleaded guilty to her two OWI charges and the theft charge. Also in December, the child was removed from the paternal grandmother's care due to the DHS's concerns that the paternal grandmother would return the child to the father even if his parental rights were terminated. The child was then placed with her maternal aunt and uncle in Minnesota where she remained at the time of the termination hearing.

---

[1] A.L. was adjudicated in need of assistance under Iowa Code section 232.2(6)(c)(2) and (n) (2017).

Months earlier, at the June 2017 permanency review hearing, the district court found the parents "demonstrated repeated dishonesty [regarding] their substance abuse and toxic relationship," and it determined termination was the permanency goal. The State filed a petition to terminate the parents' parental rights on October 2, 2017, which came on for hearing on January 9, 10, 24, and 25, 2018. The court issued its order on February 11, terminating both parents' parental rights under Iowa Code section 232.116(1)(h) (2018).

The mother appeals.[2]

## II. Standard of Review

Our review of termination proceedings is de novo, giving weight to the district court's fact findings but not being bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

## III. Grounds for Termination

The mother asserts the State failed to prove the statutory grounds for termination under Iowa Code section 232.116(1)(h), claiming A.L. can be returned to her care "in the future." However, to terminate parental rights under Iowa Code section 232.116(1)(h), the State must establish the child (1) is three years old or younger, (2) has been adjudicated a child in need of assistance, (3) has been removed from the home for six of the last twelve months, and (4) cannot be returned to the parent's custody as provided in section 232.102 "*at the present time.*" Iowa Code § 232.116(1)(h)(1)-(4) (emphasis added); *See In re*

---

[2] The father initially filed a timely notice of appeal, but he did not file his petition on appeal within fifteen days and his appeal was dismissed.

*A.M.,* 843 N.W.2d 100, 111 (Iowa 2014) (indicating "at the present time" means at the time of the termination hearing).

The record establishes the mother has failed to abstain from abusing prescription medication, and has continued to have contact with the father despite the no-contact orders, and the child cannot be safely returned to her care at the present time without the risk of adjudicatory harm. *See* Iowa Code § 232.116(1)(h)(4). Even as late as November 2017, the visitation supervisor cut the mother's visit with A.L. short after observing the mother having difficulty walking straight, keeping her balance, pushing the stroller, and keeping her eyes open. Moreover, despite a domestic-violence incident with the father that resulted in a no-contact order, the mother and father were both found to be in contempt after violating the no-contact order on multiple occasions.

On December 21, the mother was sentenced on her two OWI convictions and a theft conviction. She received a sentence consisting of five years on the OWI—third, two years on the theft—third, and one year on the OWI—first, with the sentences ordered to run concurrently. The mother remained in prison at the time of the termination hearing. With no progress being made on the issues that were the mother's obstacles to reunification, we agree with the district court's conclusion the State proved by clear and convincing evidence the child could not be safely returned to the mother at the present time. *See id.*

### IV. Best Interests

Next, the mother argues that termination is not in the child's best interests. We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical,

mental, and emotional condition and needs of the child." *Id.* § 232.116(2). We may consider the length of time the child has been in the foster family, the integration of the child into that family and the "desirability of maintaining that environment and continuity for the child," as supported by the record. *Id.* § 232.116(2)(b)(1). These considerations indicate termination is in the child's best interests because she was removed from the mother at a young age, and the mother has not been able to put the child's needs ahead of her own. "[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). The DHS caseworker testified that A.L. is adjusting well to her new placement, with her aunt and uncle and their children—A.L.'s cousins— and her needs are being met.

Accordingly, we agree with the district court that it was in the child's best interests to terminate the mother's parental rights. *See* Iowa Code § 232.116(2).

## V. Impediments to Termination

Finally, the court must consider if any statutory considerations set forth in section 232.116(3) should serve to preclude termination. "While a finding of any of these factors allows us to choose not to terminate parental rights, '[t]he factors weighing against termination in section 232.116(3) are permissive, not mandatory.'" *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (alteration in original) (quoting *A.M.*, 843 N.W.2d at 113). The mother asserts her bond with A.L. should preclude termination, yet she sabotaged her own ability to maintain a bond with A.L. *See* Iowa Code § 232.116(3)(c). The visitation supervisor ended

one visit prematurely after the mother arrived under the influence. During another visit, the mother was asked to leave after being disruptive and using profanity. Any bond between the mother and the child should not preclude termination. *See id.* Moreover, her claim that a guardianship would be preferred over termination was rejected by the district court, and we agree as it would not provide A.L. with the permanency she so deserves. *See id.* § 232.116(3)(a).

## VI. Conclusion

Because the mother was incarcerated and she did not attend to her substance abuse and other issues, the child could not be returned to her care at the time of the termination hearing. Also, because termination is in the child's best interests and there are no impediments to termination, we affirm.

**AFFIRMED.**